IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL C. MAYFIELD,

                                                                                          ORDER

                    Plaintiff,

                                                                        08-cv-395-slc[1]

     v.

R.N. HYDE,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff was granted leave to proceed <u>in forma pauperis</u> in this action on a single claim: that defendant Kathryn Hyde denied him pain medication that had been prescribed for his knee injury.  Now defendant has moved for summary judgment, seeking dismissal of the case on the ground that plaintiff failed to exhaust his administrative remedies.

       Before I decide defendant's motion for summary judgment, a word about procedure is required.  The parties were instructed how to file submissions related to summary judgment.  <u>Procedure to be Followed on Motions for Summary Judgment</u>, <u>Helpful Tips to

---

[1] Because the parties have not yet consented to the magistrate judge's jurisdiction in this case, I am assuming jurisdiction for the purpose of deciding the dispositive motion presently before the court.

1

Filing a Summary Judgment Motion in Cases Assigned to Judge Barbara B. Crabb, attached to Preliminary Pretrial Conference Order, dkt. #27. As explained in those instructions, a party moving for summary judgment must file a motion, a statement of proposed findings of fact, evidentiary materials and a supporting brief. A party opposing summary judgment must file a brief with opposing legal arguments, a response to the movant's proposed findings of fact, and evidentiary materials to support the factual propositions. Each fact must be proposed in a separate paragraph and supported by a reference to supporting evidence. In opposing defendants' motion, plaintiff failed to comply with these procedural rules. Instead, he submitted an opposition brief and an unauthenticated exhibit showing his effort to exhaust his administrative remedies.

Plaintiff's failure to follow the procedural rules could be grounds for disregarding the document he submitted in opposition to defendants' motion for summary judgment. However, a pro se prisoner's non-compliance with local rules should not mean that he does not receive a "fair shake." Dale v. Poston, 548 F.3d 563, 568 (7th Cir. 2008). More important, defendant will suffer no prejudice if I consider plaintiff's submission because, even considering the document, I conclude that he has failed to exhaust his administrative remedies.

From plaintiff's documentary exhibit and defendants' proposed findings of fact, I find the following facts to be material and undisputed.

2

UNDISPUTED FACTS

Matthew Gerber is the custodian of inmate complaints filed by inmates who are incarcerated at the Stanley Correctional Institution. He has access to records that are generated and maintained at the institution.

Gerber's search of the records reveals that plaintiff Michael Mayfield submitted an offender complaint dated March 18, 2008, to the institution complaint examiner. In the complaint, plaintiff states:

> On [March 4, 2008] I appeared in front of the Institution's doctor. Since June I have spoken to the institution doctor several times during the 9 month duration that I've been injured. I've been told since my accident on unit 3C I would be dealt with accordingly since June 29th in which I fell down the tier steps. There has not been anything done specifically pertaining to recovery, meaning (MRI or surgery). They put me on various medications to take away my pain in my dysfunctional leg, then they turn around and take me off the same medications in which I was put on because of bias reasoning. So therefore I stay in chronic pain because of the fact and they still will not send me to get the respected treatment I need. The HSU staff along with the past doctors has been giving me the run around in attaining the required treatment. Its been awhile and nothing has been done, and I don't know how much longer I can take this pain in my jointed left knee. I have exsaulted [sic] all of the respected remedies and I don't know what to do besides to go and look for outside help to vindicate me and my problems. Can you please intervene and make sure that I get the respected treatment. Thank you for your time and consideration.

On March 19, 2008, the institution complaint examiner returned the complaint to plaintiff, along with a memorandum instructing him to attempt to resolve the issue by contacting the

3

HSU Manager. The ICE also instructed plaintiff to provide the institution complaint examiner with written documentation of his attempts to resolve the issue and that if he was unable to resolve the issue, he could resubmit his complaint. Plaintiff did not resubmit the offender complaint.

OPINION

To succeed on a motion for summary judgment, the moving party must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Indiana Grocery, Inc. v. Super Valu Stores, Inc., 864 F.2d 1409, 1412 (7th Cir. 1989). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." Brummett v. Sinclair Broad. Group, Inc., 414 F.3d 686, 692 (7th Cir. 2005). If the non-moving party fails to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment for the moving party is proper. Celotex, 477 U.S. at 322.

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Generally, to comply with §

4

1997e(a), a prisoner must "properly take each step within the administrative process," Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. Woodford v. Ngo, 548 U.S. 81, 88-89 (2006).

Wisconsin inmates have access to an administrative grievance system governed by the procedures set out in Wis. Admin. Code §§ DOC 310.01-310.18. Under these provisions, prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner. Wis. Admin. Code §§ DOC 310.09, 310.10 or 310.16(4). An institution complaint examiner may investigate inmate complaints, reject them for failure to meet filing requirements, recommend to the appropriate reviewing authority (the warden or the warden's designee) that the complaint be granted or dismissed, or direct the inmate to attempt to resolve the complaint informally before filing a formal complaint. Wis. Admin. Code §§ DOC 310.07(2), 310.09(4). Once the institution complaint examiner makes a recommendation that the complaint be granted or dismissed on its merits, the appropriate reviewing authority may dismiss, affirm or return the complaint for further

5

investigation. Wis. Admin. Code § DOC 310.12. If an inmate disagrees with the decision of the reviewing authority, he may appeal to a corrections complaint examiner, who is required to conduct an additional investigation when appropriate, and make a recommendation to the Secretary of the Wisconsin Department of Corrections. Wis. Admin. Code § DOC 310.13. Within ten working days following receipt of the corrections complaint examiner's recommendation, the Secretary must accept the recommendation in whole or with modifications, reject it and make a new decision or return it for further investigation. Wis. Admin. Code § DOC 310.14.

Plaintiff failed to follow this administrative process. He did not resubmit his complaint to the institution complaint examiner after his attempt to resolve the matter informally failed, and he did not pursue appeals from an adverse ruling on his complaint as the administrative procedures would have required.

Plaintiff argues in his brief that several of his offender complaints were "rejected over and over again due to bias beliefs of an non-medical emergency, when it truly was." Pltf's Brief at 2. However, he has submitted no evidence of any complaint he filed that was rejected on its merits as opposed to having been rejected for his failure to comply with the procedural requirements for filing a complaint. The whole point of the exhaustion requirement is to allow prison officials the first opportunity to remedy a prisoner's complaint that his rights are being violated. When a complaint is rejected on a procedural ground, the

6

inmate must cure the defect and resubmit his complaint properly so that the institution and corrections complaint examiners and the Secretary of the Department of Corrections or his designee can review the prisoner's underlying claim that his rights are being infringed. Because plaintiff did not correctly utilize the administrative process, he has not given the institution a full opportunity to consider his complaint. Therefore, under the Prison Reform Litigation Act, his case must be dismissed without prejudice. 42 U.S.C. § 1997e(a); Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

## ORDER

IT IS ORDERED that defendant Kathryn Hyde's motion for summary judgment is GRANTED. This case is DISMISSED without prejudice for plaintiff's failure to exhaust available administrative remedies before filing his lawsuit.

Entered this 13th day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

7